IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 19 2015
BY ARTHUR JOHNSTON
    DEPUTY

UNITED STATES OF AMERICA

v.                                            CRIMINAL NO. 3:15cr69HTW-FKB

SAM WAGGONER                                  18 USC § 666(a)(2)

**The United States Attorney charges:**

At all times relevant to this information:

1. The Mississippi Department of Corrections (MDOC) was a state government agency as that term is defined in Section 666(d), Title 18, United States Code, and which received benefits in excess of $10,000 annually between 2007 and 2014 under Federal programs providing Federal assistance to MDOC.

2. Global Tel-Link (GTL) was under contract with the State of Mississippi to provide telephone services to inmates at MDOC facilities.

3. The defendant, **SAM WAGGONER**, was a paid consultant for GTL.

4. GTL paid the defendant, **SAM WAGGONER**, five (5) percent of the revenue generated by the inmate telephone services contracts it had with the State of Mississippi.

5. CHRISTOPHER B. EPPS was the commissioner of the MDOC.

6. That beginning sometime in or about 2012, and continuing until at least August 26, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **SAM WAGGONER**, did knowingly and corruptly give, offer, or agree to give something of value to CHRISTOPHER B. EPPS, with intent to influence or reward CHRISTOPHER B. EPPS in connection with the business, transaction, or series of transactions of the Mississippi Department of Corrections, involving something of value of $5,000.00 or

more, that is, the awarding and the retention of contracts to **WAGGONER'S** employer, GTL, for inmate telephone services at MDOC facilities. Specifically, on or about July 30, 2014, and on or about August 26, 2014, the defendant, **SAM WAGGONER**, paid kickbacks in the form of cash generated by his monthly commission from GTL to CHRISTOPHER B. EPPS.

All in violation of Section 666(a)(2), Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

7. As a result of committing the offense alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offense, including but not limited to all proceeds obtained directly or indirectly from the offense, and all property used to facilitate the offense.

The defendant shall forfeit a money judgment in the amount of $200,000.00.

8. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(A) & (C), Title 18, United States Code and Section 2461, Title 28, United States Code.

_____
HAROLD BRITTAIN
Acting United States Attorney